UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSEPH OGINSKI,

FILED
CLERK
7/24/2025 11:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
2:24-cv-02975 (JMA) (AYS)

-against-

VIGILANT ENGINE AND HOOK AND LADDER
COMPANY, INC. and JUSTIN SACHMECHI and
JOSHUA CHARRY, individually and in their official
capacities,

                                              Defendants.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

On March 24, 2021, Plaintiff Joseph Oginski brought this action against Defendants Vigilant Engine and Hook and Ladder Company, Inc. ("Vigilant"), Justin Sachmechi, and Joshua Charry pursuant to 42 U.S.C. §1983, alleging retaliation in violation of his Constitutional right to free speech. (See ECF No. 1, Compl.) The Court presumes familiarity with the background of this case.

Presently before the Court is Defendants' motion to dismiss for failure to state a claim. (ECF No. 15.) In a Report and Recommendation issued on June 18, 2025 (the "R&R"), Magistrate Judge Anne Y. Shields recommended that Defendants' motion to dismiss be granted. (ECF No. 16.) Plaintiff filed objections to the R&R on July 1, 2025. (ECF No. 17). On July 15, 2025, Defendants filed a response to Plaintiff's objections. (ECF No. 18.) For the reasons stated below, the Court ADOPTS the R&R in its entirety and dismisses this case.

## I.  LEGAL STANDARDS

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see Fed. R. Civ. P. 72(b)(3) (similar); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Additionally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks omitted).

## II.  DISCUSSION

Plaintiff objects to various portions of the R&R, specifically with respect to the R&R's conclusion that Plaintiff's speech was not made "as a citizen," and is therefore not protected by the First Amendment. (See R&R at 21); (ECF No. 17-1 at 3) (citing Garcetti v. Ceballos, 507 U.S. 410 (2006)). After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Shields' well-reasoned and thorough recommendations and rejects Plaintiff's core objections for the reasons described below.

2

Essentially, Plaintiff contends that Judge Shields improperly found that Plaintiff's speech "was unprotected because it was based on such information or because Plaintiff possessed 'insider knowledge.'" (ECF No. 17-1 at 3.) Plaintiff asserts this rationale, however, is proscribed by the Supreme Court's holding in Lane v. Franks, 573 U.S. 228 (2014).[1] There, Plaintiff asserts that the Supreme Court "expressly rejects the notion that speech is unprotected merely because it draws on information learned through public employment," and instead adopts the principle that "public employees do not lose constitutional protection merely because they speak about matters learned through their role." (Id. at 3, 12.) Thus, Plaintiff concludes that the R&R improperly found that Plaintiff's speech was not made "as a citizen," because it is based on the rationale that Plaintiff's speech was unprotected merely because Plaintiff learned of these issues through his role as a firefighter. (Id.)

The Court rejects Plaintiff's argument. First, Plaintiff misreads the R&R's point with respect to Plaintiff's "insider knowledge." The R&R does not merely assert that because Plaintiff possessed this knowledge due to his role, his speech is not protected. Rather, the R&R is rejecting Plaintiff's argument that merely because "any citizen would know of the existence and benefits of Bryx 911, (ECF No. 15-2 at 6. n.2) it would "transform speech directed to the use of the App by a particular responder company into protected 'citizen' speech." (R&R at 22) (citing ECF No. 15-2 at 6. n.2.) In other words, the R&R makes the point that even if outsiders can learn of the insider information here with respect to the Bryx 911 App, that does not diminish Plaintiff's relationship

---

[1] As a preliminary matter, Plaintiff takes issue with the R&R's reliance on "reasoning contradicted by the Supreme Court's decision in Lane" in part because this argument was purportedly not addressed by either party. (ECF No. 17-1 at 3.) ("Defendants never argued that Plaintiff's speech was unprotected because it was based on such information or because Plaintiff possessed 'insider knowledge.' Nonetheless, the R&R relies heavily on that rationale. Because the point was not briefed, Lane was not cited by either party or the R&R. This omission undermines a core premise of the R&R and exemplifies the serious legal errors it contains.") The undersigned notes, however, that these points were addressed throughout Defendants' motion to dismiss. (See ECF No. 15-1 at 12-16; ECF No. 15-3 at 2-8.) Moreover, Lane itself was cited by Plaintiff on at least two occasions. (See ECF No. 15-2 at 2,7.) The Court therefore rejects any concern that the R&R did not have the full context of Lane within its purview.

3

to the "detailed operational facts" he possessed, understood, and operated on by virtue of his official duties. (Id.) In contrast to Plaintiff's characterization then, the R&R does not merely conclude that Plaintiff's knowledge with respect to these facts transforms his speech into speech unprotected by the First Amendment.

Second, as Defendants' correctly point out, Lane is also readily distinguishable from this case, as Lane deals with a public employee's testimony under oath, and not with communications made on the job pursuant to official duties. See Lane, 573 U.S. 228, at 238 ("Truthful testimony under oath by a public employee outside the scope of his ordinary job duties is speech as a citizen for First Amendment purposes. That is so even when the testimony relates to his public employment or concerns information learned during that employment.") Here, however, the communications at issue were made in the context of his employment and pursuant to Plaintiff's official duties. See Shara v. Maine-Endwell Cent. Sch. Dist., 46 F.4th 77 (2d Cir. 2022) ("As this Court has previously explained, speech may be 'pursuant to' an employee's official duties when it is 'part-and-parcel of' the employee's concerns about his ability to properly execute his duties.") Thus, the Court finds that the R&R did not run afoul of the Supreme Court's holding in Lane.

### III.    CONCLUSION

The Court therefore rejects Plaintiff's objections and ADOPTS the R&R as the opinion of the Court. Accordingly, the Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 15 & 16 and close this case.

**SO ORDERED.**
Dated:   July 24, 2025
         Central Islip, New York

                                                  /s/ JMA
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE